# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 311 | **DATE** | 3/13/2001 |
| **CASE TITLE** | RECYCLING SCIENCES INTL vs. SOIL RESTORATION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant O'Brien's Motion to Dismiss the complaint [3-1] is granted, and O'Brien's Motion to Transfer Venue [3-2] is denied. Defendant SRR's Motion to dismiss for lack of personal jurisdiction [32-1] is granted, and SRR's Motion in the alternative to transfer venue [32-2] is denied. Defendant Southwest's Motion to dismiss for lack of personal jurisdiction [33-1] is granted, and Southwest's Motion in the alternative to transfer venue [33-2] is denied. Defendant the IT Group's Motion to Dismiss [57-1] is granted, and the IT Group's Motion to Dismiss for Improper Service of Process is denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAR 15 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 88 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECYCLING SCIENCES INTERNATIONAL, INC., )
)
    Plaintiff, )
) No. 00 C 0311
v. )
)
SOIL RESTORATION AND RECYCLING L.L.C., ) Judge John W. Darrah
et al. , )
)
    Defendants. )

**DOCKETED**

**MAR 1 5 2001**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Recycling Sciences International, a Delaware corporation having its sole place of business in Chicago, Illinois, commenced an action against several defendants, alleging patent infringement. Before this Court are several defendants' Motions to Dismiss and/or Motions to Transfer Venue.

I. DEFENDANT O'BRIEN & GERE TECHNICAL SERVICES, INC.

Defendant, O'Brien & Gere Technical Services, Inc. (O'Brien) seeks dismissal for lack of personal jurisdiction and lack of proper venue. In the alternative, O'Brien seeks a transfer of the cause to the Northern District of New York. Plaintiff avers personal jurisdiction based on O'Brien's advertisements in a national trade magazine circulated in Illinois, offering its soil remediation services and advertisement in a local business buyer's guide that provides a toll-free telephone number.[1]

---

[1] The only basis of plaintiff's assertion of personal jurisdiction and proper venue are plaintiff's complaint. Although granted two extensions of time to file a response to defendant's Motion to Dismiss or Transfer venue, plaintiff has not done so.



O'Brien is a corporation organized under the laws of New York with its principal place of business in East Syracuse, New York. O'Brien provides construction management and general contracting services, including hazardous waste site remediation services. O'Brien has no employees who reside or have offices located within Illinois. O'Brien has not participated in any trade show in the Northern District of Illinois for at least the past six years. O'Brien does not maintain any offices, bank accounts, sales representatives, or other employees in Illinois and does not lease or own any real property in Illinois. O'Brien does not have a mailing address or telephone listing in Illinois.

O'Brien did maintain a nationwide toll-free telephone number primarily used by O'Brien field employees to contact the Syracuse office. O'Brien terminated the use of the toll-free number in December, 1999 before the commencement of the present action. O'Brien is unaware of any telephone listing in either the State of Illinois or any local business directory.

O'Brien has made no effort to target markets or customers in Illinois for O'Brien's soil remediation services and none of its sales to customers in Illinois have been related to O'Brien's soil remediation services. Over the past several years, ContamAway, a division of O'Brien, has sold soda-blasting material to one customer in Illinois. An O'Brien representative calls on this customer once or twice a year. The sales and shipments of the soda-blasting material are produced or supplied from the O'Brien's current stocks located in Cortland, New York, and shipped to Illinois by an independent freight carrier. O'Brien's sales and shipments of products to Illinois customers are 1.1% of its total sales over the past five years.

O'Brien has filed with Illinois State or local governmental agency its filing and payment of income tax on sales made in Illinois. On each of the last five Illinois state tax returns, O'Brien has

allocated 0% of its property and payroll to Illinois and less than 0.8% of its total sales.

Plaintiff alleges patent infringement; therefore, Federal Circuit law is controlling with deference given to the state's highest court to determine whether a defendant is amendable to process in the forum state. *LSI Indus. Inc. v. Hubbell Lighting*, 232 F.3d 1369, 1371 (2000 Fed. Cir.) (*LSI Indus.*). The determination of whether a court may properly exercise personal jurisdiction over an out-of-state defendant is governed by a two-prong analysis: (1) a defendant must be amendable to process in the forum state, and (2) the court's exercise of personal jurisdiction over the defendant must comply with federal due process requirements. *LSI Indus.*, 232 F.3d at 1371.

Plaintiff has the burden of establishing a prima facie case of personal jurisdiction. When the court rules on a motion to dismiss based on lack of personal jurisdiction without an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff. *See Michael J. Neuman & Assoc. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724 (7th Cir. 1994); *In re Cardizem*, 105 F.Supp.2d 618, 671 (E.D. Mich. 2000). As mentioned above, plaintiff has filed no affidavits. Defendant filed the affidavit of James A. Fox, President of O'Brien.

A. Amenability to Service

A defendant is amendable to service of process if it "could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district is located." Fed. R. Civ. P. 4(k)(1)(A). The instant case is brought in the Northern District Federal Court; therefore, defendants' amenability to service is governed by the Illinois long-arm statute, 735 ILCS 5/2-209(a).

The Illinois long-arm statute provides that a defendant is subject to the jurisdiction of its courts if the defendant conducted the transaction of any business within this state. 735 ILCS 5/2-209(a)(1). Where jurisdiction is predicated upon subsection (a), only causes of action arising from

3

the enumerated acts may be asserted against a nonresident defendant. 735 ILCS 5/2-209(f). Here, plaintiff alleges infringement of patents related to soil remediation. O'Brien has not sold any products or performed any services related to soil remediation in Illinois for at least the last six years. Therefore, plaintiff's claim of patent infringement does not arise out of O'Brien's limited contacts with Illinois under 735 ILCS 5/2-209(a)(1).

Section (b)(4) of the Illinois long-arm statute provides that a court may exercise jurisdiction if the defendant is a "corporation doing business" within the state. 735 ILCS 5/2-209(b)(4). A corporation is "doing business" in Illinois if it operates within the state with a fair measure of permanence and continuity, not just occasionally or casually. *Rokeby-Johnson v. Derek Bryant Ins. Brokers*, 594 N.E.2d 1190, 1194 (1992). The court looks to the character and extent of the defendant's conduct as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of Illinois. *Cook Ass'n, Inc. v. Lexington United Corp.*, 429 N.E.2d 847, 850 (1981). The determination is made on a case-by-case basis, based on the unique situation presented. *Hulsey v. Scheidt*, 630 N.E.2d 905, 908 (1994).

In the instant case, a division of O'Brien has made sales of soda-blasting material to one customer in Illinois, and an O'Brien representative calls on this customer once or twice a year. The material is produced or supplied from the O'Brien's current stocks located in Cortland, New York, and shipped to Illinois by an independent freight carrier. O'Brien's sales and shipments of products to Illinois customers are 1.1% of its total sales over the past five years. This conduct has been continual for at least a year and demonstrates that O'Brien was "doing business" in Illinois.

B. Due Process

The limits of due process on the extraterritorial reach of a state are determined by accessing

whether the defendant had established "minimum contacts" with the forum state "such that [it] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). If minimum contacts with the forum state are established, those contacts are considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with "fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945).

1. Minimum Contacts

A defendant may be subject to either specific or general jurisdiction under the "minimum contacts" test. *LSI Indus.*, 232 F.3d at 1375. Specific jurisdiction exists if: (1) the defendant purposefully directed its activities at residents of the forum state; (2) the claim arises out of or is related to those activities; and (3) the assertion of personal jurisdiction is reasonable and fair. *Hollyanne v. TFT, Inc.*, 199 F.3d 1304, 1307-08 (Fed. Cir. 1999) (*Hollyanne*).

In the instant case, plaintiff alleges that defendant advertised its soil remediation services in a national trade magazine that is circulated in Illinois and in a locally distributed business buyer's guide which contained a toll-free telephone number. The advertisements are the only basis of plaintiff's allegation. However, merely advertising in a national publication and a locally distributed business guide does not constitute purposeful direction of activities at residents of Illinois. *See 3D Systems*, 160 F.3d at 1380 (appearance of defendant's name on different company's letterhead and maintenance of a World-Wide-Web site did not constitute activity directed at the forum state); *Ecological Sys. Tech. v. Aquatic Wildlife Co.*, 2000 WL 33152092, No. 99-12005-JLT (Sept. 18, 2000 D. Mass.). In addition, the toll-free telephone was primarily used by O'Brien employees to contact the New York Office, and the number was terminated before the commencement of the

present action.

Assuming, arguemendo, that defendant did direct its activities to Illinois, defendant still fails to meet the second prong of the test. The second prong of the test requires that plaintiff's suit arise out of or directly relate to defendant's activities in Illinois. *Hollyanne*, 199 F.3d at 1307-08. Plaintiff has filed suit for patent infringement, which occurs when a party "without authority makes, uses, offers to sell, or sells any patented invention. 35 U.S.C. § 271(a). In *Hollyanne*, the Federal Circuit looked for evidence that the relevant parties discussed price, quantity, and delivery dates, in analyzing whether a defendant's conduct amounts to an offer to sell. *Hollyanne*, 199 F.3d at 1308-09. Plaintiff does not allege any advertisements contained price, quantity, or delivery dates. Furthermore, the advertisements were directed at a national audience and without more substantial acts directed at Illinois; they are not considered offers to sell under 35 U.S.C. § 271(a). *See Intel Corp. v. Silicon Storage Tech. Inc.*, 20 F.Supp.2d 690, 698 (D. Del. 1998) (advertisements directed at national audience, by itself, does not constitute an offer to sell).

General jurisdiction arises when a defendant maintains "continuous and systematic" contacts with the forum state even when the cause of action has no relation to those contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). However, "contacts only add to the quantum for personal jurisdiction when purposefully directed at the forum or its residents." *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.* 148 F.3d 1355, 1359 (Fed. Cir.1998). Contacts that are random, fortuitous, or attenuated do not count in the minimum contacts calculation. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

Here, the only contacts O'Brien has with Illinois is advertising in a national publication that is available in Illinois and selling a minimal amount of product to a single customer that is unrelated

to the cause of action. O'Brien has no offices, employees, agents or representatives in Illinois. It has no assets, bank accounts, real or personal property, or inventory in Illinois. In addition, it does not maintain a mailing address or telephone listing in Illinois. O'Brien's sale of a product, a product that is unrelated to the infringement action, constitutes less than 2% of its total revenue for the last five years and less than 0.8% of its allocated sales over the last five tax returns. O'Brien does not have continuous and systematic contacts with Illinois. *See Adell Corp. v. Elco Textron, Inc.*, 51 F.Supp.2d 752, 756 (N.D.Texas 1999) (sales of parts not involved in the infringement action that constitute less than 1% of defendant's total sales was not continuous and systematic contact); *Stairmaster Sports/Medical Prod., Inc. v. Pacific Fitness Corp.*, 916 F.Supp. 1049, 1053 (W.D. Wash 1996) (sales of product not involved in infringement action that constituted approximately 3% of defendant's total sales was not continuous and systematic contact).

For the foregoing reasons, plaintiff has not established the minimum contacts necessary to support either general or specific jurisdiction over O'Brien in Illinois. Accordingly, O'Brien's Motion to Dismiss is granted.

Furthermore, venue in a patent case "includes any district where there would be personal jurisdiction over the corporate defendant at the time the action commenced." *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990). Because O'Brien is not subject to personal jurisdiction in this district, venue is not proper.

In the alternative, O'Brien moves to transfer the action to the United States District Court for the Northern District of New York as the most convenient forum. As a result of the above holdings, the Court cannot properly transfer the case to another district. *Hollyanne*, 199 F.3d at 1307 (once a court dismisses a cause of action for lack of personal jurisdiction, the district court cannot properly

transfer the case). O'Brien's Motion to Transfer Venue is denied.

II. DEFENDANT SOIL RESTORATION AND RECYCLING, L.L.C.

Defendant, Soil Restoration and Recycling, L.L.C. (SRR), seeks dismissal for lack of personal jurisdiction. In the alternative, SRR seeks a transfer of the cause to the Eastern District of Tennessee. Plaintiff avers personal jurisdiction based on SRR's ownership of Southwest Soil Remediation Inc. (Southwest) and Four Seasons Environmental Inc. (Four Seasons). Plaintiff avers that Southwest is a subsidiary of SRR and has advertised in a national trade magazine in Illinois. Plaintiff avers that Four Seasons is a subsidiary of SRR and operates an Astec Thermal Desorption Plant in Illinois.[2]

SRR is a limited liability company with its place of business in Ooltewah, Tennessee. SRR is not licensed to do business in Illinois, maintains no offices in Illinois, and has no agent for service of process located in Illinois. SRR does not transact business within Illinois, and no equipment that SRR has title or ownership in has been used, maintained, leased, or otherwise placed within Illinois for soil remediation purposes. Glen Palmer, the Director of Business Development for SRR, avers, through an affidavit, that SRR does not and has never had an ownership interest in any of the named defendants of the lawsuit, including Southwest and Four Seasons. Plaintiff does not contest the affidavit.

SRR is not amendable to service of process under the Illinois long-arm statute. SRR has not sold any products or performed any services related to soil remediation in Illinois. *See* 735 ILCS

---

[2]The only basis of plaintiff's assertion of personal jurisdiction and proper venue are plaintiff's complaint. Although given until October 12, 2000, to file a response to both SRR's and Southwest's Motion to Dismiss or Transfer Venue, plaintiff has not done so and has not sought an extension of time to file such response.

5/2-209(a)(1), (f). Furthermore, SRR has not "done business" in Illinois. *See* 735 ILCS 5/2.

Furthermore, SRR has not had minimum contacts with Illinois. SRR has not purposefully directed activities at residents of Illinois; and, because it has not directed activities at Illinois residents, plaintiff's claim cannot arise out of or be in relation to such absent activities. *See Hollyanne*, 199 F.3d at 1307-08. Lastly, SRR has not maintained "continuous and systematic" contacts with Illinois. Accordingly, SRR's Motion to Dismiss for Lack of Personal Jurisdiction is granted. For the reasons discussed above, SRR's Motion for Transfer of Venue is denied for the reason set forth in O'Brien. *See Hollyanne*, 199 F.3d at 1307.

III. DEFENDANT SOUTHWEST SOIL REMEDIATION, INC.

Southwest is an Arizona corporation with its place of business in Tucson, Arizona. Southwest is not licensed to do business in Illinois, maintains no office in Illinois, has no registered agent for service of process in Illinois, and does not transact business within Illinois. No equipment owned by Southwest has been used, maintained, leased, or otherwise placed in Illinois for soil remediation purposes. Southwest advertises in national trade journals. The advertising has not resulted in any work between Southwest and any resident, citizen, or entity in Illinois.

Plaintiff has also failed to establish personal jurisdiction over Southwest. Southwest is not amendable to service of process under the Illinois long-arm statute. Southwest has not sold any products or performed any services related to soil remediation in Illinois. *See* 735 ILCS 5/2-209(a)(1), (f). In addition, Southwest's advertisement in a national publication does not constitute "doing business" in Illinois. *See* 735 ILCS 5/2; *Stein v. Rio Parismina Lodge*, 695 N.E.2d 518, 523 (1998) (participation in trade show in Illinois does not constitute doing business); *Pilipauskas v. Yakel*, 629 N.E.2d 722, 741-42 (1994) (advertising through Michigan agency that targeted, in part,

Illinois residents does constitute doing business); *Radosta v. Devil's Head Ski Lodge*, 526 N.E.2d 561, 563 (1988) (out-of-state ski lodge not doing business in Illinois although it maintained an Illinois telephone number, advertised in Illinois, made coupons available in Illinois, and participated in travel exposition).

Furthermore, Southwest has not had minimum contacts with Illinois. Southwest has not purposefully directed activities at residents of Illinois; and, because it has not directed activities at Illinois residents, plaintiff's claim cannot arise out of or be in relation to such absent activities. *See Hollyanne*, 199 F.3d at 1307-08. Lastly, Southwest has not maintained "continuous and systematic" contacts with Illinois. Accordingly, Southwest's Motion to Dismiss for Lack of Personal Jurisdiction is granted. For the reasons discussed above, Southwest's Motion for Transfer of Venue is denied for the reasons set forth in O'Brien. *See Hollyanne*, 199 F.3d at 1307.

IV. DEFENDANT THE IT GROUP

Defendant, The IT Group (IT Group), seeks dismissal for lack of personal jurisdiction and, in the alternative, insufficiency of service of process. The IT Group is a Delaware corporation with its principal executive offices in Monroeville, Pennsylvania. The IT Group is a holding company for a number of operating subsidiary entities. The IT Group owns stock and other interests in it subsidiaries. The It Group has no offices, employees, or agents in Illinois. A subsidiary of the It Group, IT Corporation, does maintain an office in Chicago, Illinois.

The IT Group argues that it fails to have sufficient minimum contacts necessary to establish both specific and general jurisdiction. It avers that the IT Group does not have an office in Illinois. Plaintiff argues that the IT Group's maintenance of a subsidiary office in Illinois and the listing of the office in the yellow pages establishes the IT Group is subject to general jurisdiction. Plaintiff

also argues that other activities of the IT Group, including a bank note from a Chicago bank in 1985 that was due in 1996, ownership of shares in Illinois companies' funds, and an alliance with two Illinois companies, are further evidence of the It Group's continuous business in Illinois.

Illinois courts exercise jurisdiction over a parent company based on the activities of the subsidiary where the corporate veil can be pierced or where all the corporate formalities are observed, but the subsidiary's only purpose is to conduct the business of the parent. *See Central States, Southeast & Southwest Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000). Plaintiff has plead nothing to indicate that the It Group's corporate veil could be pierced or that its subsidiary's only purpose is to conduct the IT Group's business. Plaintiff has not provided any information concerning the relationship between the IT Group (except that it is a subsidiary) and the IT Corporation, including what business the IT Corporation does in Illinois. Plaintiff has failed to establish personal jurisdiction based on a subsidiary company within Illinois. *See LaSalle Nat'l Bank v. Vitro Sociedad Anonima*, 85 F.Supp.2d 857, 865 (N.D.Ill. 2000) (personal jurisdiction is based on "actual evidence of control ... rather than on a corporation's general descriptions."

The remaining basis for personal jurisdiction also fails to establish minimum contacts of the IT Group with Illinois. A loan from a Chicago bank that took place in California, for money that was borrowed in the 1980's and paid in full before the current suit does not establish minimum contacts with Illinois. Plaintiff has also failed to show that the IT Group has various stock holdings in various Chicago-based funds. The exhibit relied upon by plaintiff to demonstrate such facts is actually a listing of share holdings in the IT Group by various companies. Lastly, the IT Group's alliance with two Illinois companies is not a basis for personal jurisdiction. The only information plaintiff provided concerning the alliance was a magazine article that stated that an alliance was made and

11

that the alliance was dedicated to remediating utility and gas plant sites. There are no facts establishing that any aspect of the alliance is related to Illinois or that it conducts some type of activity in Illinois that would establish minimum contacts with the state. The IT Group's Motion to Dismiss for Lack of Personal Jurisdiction is granted.

Having granted the IT Group's Motion to Dismiss for Lack of Personal Jurisdiction, the IT Group's Motion to Dismiss for Improper Service of Process is denied. *See Hollyanne*, 199 F.3d at 1307.

For the reasons stated above, defendant O'Brien's Motion to Dismiss is granted, and O'Brien's Motion to Transfer Venue is denied. Defendant SRR's Motion to Dismiss is granted, and SRR's Motion to Transfer Venue is denied. Defendant Southwest's Motion to Dismiss is granted, and Southwest's Motion to Transfer Venue is denied. Defendant the It Group's Motion to Dismiss for Lack of Personal Jurisdiction is granted, and the IT Group's Motion to Dismiss for Improper Service of Process is denied.

Dated: 3/13/01

JOHN W. DARRAH
United States District Judge