Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 311 | **DATE** | 4/5/2001 |
| **CASE TITLE** | RECYCLING SCIENCES INTL. vs. SOIL RESTORATION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Status hearing held and continued to May 10, 2001 at 9:30 a.m. Enter Memorandum Opinion And Order. Defendant Tarmac's motion to dismiss is granted. Defendant Williams' motion to dismiss and motion to transfer venue are denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR - 9 2001 | |
| | Notified counsel by telephone. | | date docketed | 98 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RECYCLING SCIENCES INTERNATIONAL, INC., | )<br>) |
| Plaintiff, | )<br>) |
| | ) No. 00 C 0311 |
| v. | )<br>) |
| SOIL RESTORATION AND RECYCLING L.L.C., et al. , | ) Judge John W. Darrah<br>)<br>) |
| Defendants. | ) |

**DOCKETED**

APR - 9 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff, Recycling Sciences International, a Delaware corporation having its sole place of business in Chicago, Illinois, commenced an action against several defendants, alleging patent infringement. Before this Court are two defendants' Motions to Dismiss and/or Motions to Transfer Venue.

I. DEFENDANT WILLIAMS ENVIRONMENTAL SERVICES, INC

Defendant, Williams Environmental Systems, Inc. (Williams), seeks dismissal for lack of personal jurisdiction and lack of proper venue. In the alternative, Williams seeks a transfer of the cause to the Northern District of Georgia.

Williams is a corporation organized under the laws of Georgia with its principal place of business in Stone Mountain, Georgia. Williams is an environmental remediation contractor. Williams has no employees who reside or have offices located within Illinois and has never performed any remediation services in Illinois. Williams filed tax returns in the State of Illinois for the years 1996 through 1999 that reflect no income attributable to business activity within Illinois.



Williams bid on projects within Illinois in 1998 and 1999 based on requests received from potential Illinois customers.[1] Williams' bids were never accepted. In 1994, Williams received $102,000 from an Illinois business that leased some equipment from Williams.

Plaintiff alleges patent infringement; therefore, Federal Circuit law is controlling with deference given to the state's highest court to determine whether a defendant is amendable to process in the forum state. *LSI Indus. Inc. v. Hubbell Lighting*, 232 F.3d 1369, 1371 (2000 Fed. Cir.) (*LSI Indus.*). The determination of whether a court may properly exercise personal jurisdiction over an out-of-state defendant is governed by a two-prong analysis: (1) a defendant must be amendable to process in the forum state, and (2) the court's exercise of personal jurisdiction over the defendant must comply with federal due process requirements. *LSI Indus.*, 232 F.3d at 1371.

Plaintiff has the burden of establishing a prima facie case of personal jurisdiction. When the court rules on a motion to dismiss based on lack of personal jurisdiction without an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff. *See Michael J. Neuman & Assoc. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724 (7th Cir. 1994); *In re Cardizem*, 105 F.Supp.2d 618, 671 (E.D. Mich. 2000).

A. Amenability to Service

A defendant is amenable to service of process if it "could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district is located." Fed. R. Civ. P. 4(k)(1)(A). The instant case is brought in the Northern District Federal Court; therefore, defendants' amenability to service is governed by the Illinois long-arm statute, 735 ILCS 5/2-209(a).

---

[1] Plaintiff argues that Williams made "numerous" bids to Illinois companies, and Williams argues it made a "few" bids. The documentation submitted by plaintiff appears to show that Williams bid on 6 projects within Illinois in 1998 and 1999.

2

Section (b)(4) of the Illinois long-arm statute provides that a court may exercise jurisdiction if the defendant is a "corporation doing business" within the state. 735 ILCS 5/2-209(b)(4). A corporation is "doing business" in Illinois if it operates within the state with a fair measure of permanence and continuity, not just occasionally or casually. *Rokeby-Johnson v. Derek Bryant Ins. Brokers*, 594 N.E.2d 1190, 1194 (1992) (*Rokeby-Johnson*). The court looks to the character and extent of the defendant's conduct as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of Illinois. *Cook Ass'n, Inc. v. Lexington United Corp.*, 429 N.E.2d 847, 850 (1981). The determination is made on a case-by-case basis, based on the unique situation presented. *Hulsey v. Scheidt*, 630 N.E.2d 905, 908 (1994).

In the instant case, Williams had leased equipment to an Illinois company in 1994 and received $102,000 from such lease. In addition, Williams has and continues to bid on projects within Illinois. Williams' conduct has been continual for at least a few years and demonstrates that Williams was "doing business" in Illinois.

B. Due Process

The limits of due process on the extraterritorial reach of a state are determined by accessing whether the defendant had established "minimum contacts" with the forum state "such that [it] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). If minimum contacts with the forum state are established, those contacts are considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with "fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945).

3

1. Minimum Contacts

A defendant may be subject to either specific or general jurisdiction under the "minimum contacts" test. *LSI Indus.*, 232 F.3d at 1375. Specific jurisdiction exists if: (1) the defendant purposefully directed its activities at residents of the forum state; (2) the claim arises out of or is related to those activities; and (3) the assertion of personal jurisdiction is reasonable and fair. *Hollyanne v. TFT, Inc.*, 199 F.3d 1304, 1307-08 (Fed. Cir. 1999) (*Hollyanne*).

In the instant case, Williams has purposely directed its activities at residents of Illinois as demonstrated by its bids to work on projects in Illinois, one of which included a visit to Illinois. Williams argues that it did not purposely direct its activities at Illinois because it was merely responding to requests from potential Illinois customers, and it never actually conducted any soil remediation services within Illinois. However, Williams did purposely respond to the potential Illinois customers hoping to receive the job within Illinois. *See Logan Prod., Inc. v. Optibase, Inc.*, 103 F.3d 49, 53 (7th Cir. 1996) ("no matter which party got the ball rolling, if [defendant] intentionally served the [state], [defendant] purposefully established sufficient minimum contacts").

Plaintiff has also satisfied the second prong of the test. The second prong requires that plaintiff's suit arises out of or directly relates to defendant's activities in Illinois. *Hollyanne*, 199 F.3d at 1307-08. Plaintiff has filed suit for patent infringement, which occurs when a party "without authority makes, uses, offers to sell, or sells any patented invention. 35 U.S.C. § 271(a). Here, Williams offered to sell its services that are alleged to infringe on plaintiff's patent.

Third, the assertion of personal jurisdiction must be reasonable and fair. This prong encompasses the due process considerations of personal jurisdiction and places the burden on the party over whom jurisdiction is sought to prove that jurisdiction would be constitutionally

4

unreasonable. *3D Sys., Inc. v. Aarotech Lab., Inc.*, 160 F.3d 1373, 1379-80 (Fed. Cir. 1998).

Several factors are generally considered in determining the constitutionally reasonableness of imposing personal jurisdiction: (a) the extent of the defendant's purposeful interjection; (b) the burden on the defendant in defending the litigation in the forum state; (c) the extent of conflict with the sovereignty of the defendant's state; (d) the forum state's interest in adjudicating the dispute; (e) the most efficient judicial resolution of the controversy; (f) the importance of the interest in convenient and effective relief; and (g) the existence of an alternative forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-77 (1985) (*Burger King*).

Based on these factors, personal jurisdiction over Williams would not be constitutionally unreasonable. Williams has purposefully sought work in Illinois and has leased equipment to an Illinois company. Litigation in Illinois will impose some burden on Williams; but in today's era of Internet communications, telecommunications, faxes, and ease of air travel, requiring the defendant to litigate in Illinois would not be constitutionally unreasonable. *See Euromarket Designs, Inc. v. Crate & Barrel Ltd.*, 96 F.Supp.2d 824, 840 (N.D.Ill. 2000) (*Euromarket*). Equipment can be photographed, copies of documents can be made and transmitted easily, and witnesses (of whom some are in Illinois) can be deposed in their home state.

No conflict exists between Illinois and Georgia, and Illinois has an interest in protecting the rights of its residents. The efficient resolution focuses on the location of evidence and witnesses. However, this factor is not weighed heavily because of modern advances in transportation and communication. *Euromarket*, 96 F.Supp.2d at 840.

For the foregoing reasons, plaintiff has established the minimum contacts necessary to support specific jurisdiction over Williams. Accordingly, Williams' Motion to Dismiss for Lack of

Personal Jurisdiction is denied.

Williams also argues that venue is not proper. Venue in a patent case "includes any district where there would be personal jurisdiction over the corporate defendant at the time the action commenced." *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990). Because Williams is subject to personal jurisdiction in this district, venue is proper.

In the alternative, Williams moves to transfer the action to the United States District Court for the Northern District of Georgia as the most convenient forum.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A ruling on a request to transfer under § 1404(a) is committed to the sound discretion of the trial court. *Steward Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

In considering a transfer under § 1404(a), the court considers both the private interests of the litigants and the public interests. *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1947). Private interests include: (1) plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease of access to sources of proof, and (4) convenience to the parties. Public interests include the court's familiarity with applicable law and the desirability of resolving the controversy in its locale. *Anchor Wall Sys., Inc. v. R & D Concrete Prod., Inc.*, 55 F.Supp.2d 871, 873 (N.D.Ill. 1999) (*Anchor*).

Generally a court accords substantial weight to the plaintiff's choice of forum. However, such weight is lessened if the forum lacks any significant connection to the claim. *Anchor*, 55 F.Supp.2d at 874; *Dunn v. Soo Line R. Co.*, 864 F.Supp. 64, 65 (N.D.Ill. 1994) ("where the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum, the plaintiff's preference has minimal value"). In the present case, none of the operative facts

6

surrounding the alleged infringement occurred in Illinois. Williams has no businesses within Illinois and has never conducted remediation services within Illinois. Accordingly, little weight is afforded to plaintiff's choice of forum in this state.

Illinois is also not the situs of the material events in this case. The alleged acts of trademark infringement did not occur in Illinois because Williams never conducted remediation services within Illinois. Because there is little to no connection between this district and the litigation, the situs of material events favors transfer to Georgia.

The third factor for consideration is the relative ease of access to sources of proof in each forum. In patent infringement cases, "practicality and convenience are best served when [it] is prosecuted where the alleged acts of infringement occurred and the defendant has a regular and established place of business so as to facilitate the production and investigation of books, records and other data necessary to the discovery and trial techniques employed in the patent field." *Ardco, Inc. v. Page, Ricker, Felson Mktg., Inc.*, 1992 WL 246862 (N.D.Ill. Sept. 23, 1992), quoting *Spound v. Action Ind., Inc.*, 369 F.Supp. 1066, 1069 (N.D.Ill. 1974). Here, the alleged acts of infringement occurred not in Illinois but in Georgia. The books, records, and other documents necessary to prove plaintiff's case are in Georgia. Plaintiff argues that its documents and witnesses are in this district so this factor does not weigh in Williams' favor. However, a trademark infringement action is primarily concerned with the alleged offensive actions of the defendant not the plaintiff. *TY Inc. v. Beanie World, Inc.*, 1999 WL 782092 (N.D.Ill. Sept. 27, 1999).

Plaintiff also argues that the holding in *Ardco* has been distinguished where the defendant has filed an affirmative defense alleging plaintiff's patent was invalid. In such cases, the plaintiff must also present evidence to prove its patent is valid requiring the plaintiff to produce documents

7

similar to those of the defendant. *See Energaire Corp. v. E.S. Originals, Inc.*, 1999 WL 1018039 (N.D.Ill. Nov. 2, 1999). In the instant case, Williams has not plead the affirmative defense that plaintiff's patent is invalid. Therefore, *Energaire* is not applicable. The *Ardco* court's reasoning is persuasive and will be applied to the present trademark infringement action. Accordingly, this factor weighs in favor of transfer.

The convenience of the parties, by looking at their respective residences and their abilities to bear the expense of trial in a particular forum, is equally weighed in this case. Regardless of the forum, Illinois or Georgia, one of the parties will be required to travel to the other state.

The final factor is whether a change in venue would serve the interests of justice. Both districts are equally familiar with the federal patent law applicable to this case. However, consideration of the interest of justice weighs in plaintiff's favor. Consideration of the interests of justice includes judicial economy. *Regents of the University of California v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (*Eli Lilly*). The interests of justice may be determinative to a particular transfer motion even if the convenience of the witnesses and parties might call for a differed result. *See Eli Lilly*, 119 F.3d at 1565 (district court did not abuse its discretion in denying transfer of case after finding judicial economy would be served by retaining the case); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220-21 (7th Cir. 1986). If Williams is transferred to the District Court in Georgia, both this Court and the Georgia court will have a case pending because several other defendants in the present action remain. Such transfer would result in two different suits in two different courts that allege infringement of the same patent. A transfer of this one defendant would lead to a duplication of the case and would likely lead to delay.

While the convenience to the parties weighs in favor of transferring the cause against

Williams to Georgia, the interests of justice weigh more heavily in favor of retaining jurisdiction. Accordingly, Williams' Motion to Transfer Venue is denied.

II. DEFENDANT TARMAC ENVIRONMENTAL COMPANY

Defendant, Tarmac Environmental Company (Tarmac), seeks dismissal for lack of personal jurisdiction and/or lack of proper venue. Plaintiff avers personal jurisdiction based on Tarmac selling an oxidizer, quench tube, and acid gas scrubber to an Illinois company and the alleged leasing of Tarmac equipment to the same Illinois company.

Tarmac is a Missouri corporation with no employees or offices within Illinois. Tarmac has never performed any remediation services within Illinois and avers that it has never sold or leased any equipment in Illinois that utilizes the thermal desorption process that is subject to plaintiff's complaint.

A. Amenability to Service

The Illinois long-arm statute provides that a defendant is subject to the jurisdiction of its courts if the defendant conducted the transaction of any business within this state. 735 ILCS 5/2-209(a)(1). Where jurisdiction is predicated upon subsection (a), only causes of action arising from the enumerated acts may be asserted against a nonresident defendant. 735 ILCS 5/2-209(f). Here, plaintiff alleges infringement of patents related to soil remediation. Tarmac admits that it sold three pieces of equipment to an Illinois company in 1998. Tarmac, through an affidavit, avers that the three pieces of equipment that were sold are nonpatented pollution-control pieces of equipment that are used to clean the air steam from any process which produces hydrocarbons and acids. Plaintiff has provided an affidavit that avers that the said pieces of equipment are key and necessary components for practicing the process of thermal desorption according to plaintiff's patent.

9

Plaintiff's averment does not contradict Tarmac's claim that the pieces of equipment are nonpatented and are used in many different processes other than soil remediation, it merely states that the same equipment is used in the RSI patent.

Plaintiff also argues that Tarmac leased equipment to an Illinois company. In support of its argument, plaintiff cites to a construction permit and deposition testimony of an individual from the Illinois company. However, the permit merely states that a piece of "Tarmac" equipment was used and does not state for what purpose. In addition, the deponent never identified that Tarmac leased, sold, or manufactured the "Tarmac machine" that was used for the project. The deponent stated that the piece of equipment was "subbed" from another source but never identified the source.

Based on the above, plaintiff has failed to show that its claim of patent infringement arose out of Tarmac's limited contact with Illinois under 735 ILCS 5/2-209(a)(1).

Furthermore, Tarmac has not "done business" in Illinois. *See* 735 ILCS 5/2. Tarmac's one-time sale of general pieces of equipment does not constitute operating within Illinois with a fair measure of permanence and continuity. *See Rokeby-Johnson*, 594 N.E.2d at 1194 .

B. Due Process

1. Minimum Contacts

Assuming, argumendo, that Tarmac was amendable to service, Tarmac would still not be subject to personal jurisdiction because it did not maintain minimum contacts with Illinois.

Tarmac is not subject to specific jurisdiction because its one-time sale of general equipment does not constitute purposeful activities directed at residents of Illinois, and plaintiff's claim does not arise out of or is not related to such activity. *See Hollyanne*, 199 F.3d at 1307-08.

Furthermore, Tarmac has not maintained "continuous and systematic" contacts with Illinois.

General jurisdiction arises when a defendant maintains "continuous and systematic" contacts with the forum state even when the cause of action has no relation to those contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). However, "contacts only add to the quantum for personal jurisdiction when purposefully directed at the forum or its residents." *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.* 148 F.3d 1355, 1359 (Fed. Cir.1998). Contacts that are random, fortuitous, or attenuated do not count in the minimum contacts calculation. *Burger King Corp.*, 471 U.S. at 476.

Here, the only contacts Tarmac has with Illinois is a one-time sale of general equipment that is unrelated to the cause of action and the possible use of a piece of their equipment for a project within Illinois which has no evidence of ties with Tarmac. Tarmac does no advertising in Illinois, has no offices, employees, agents or representatives in Illinois. It has no assets, bank accounts, real or personal property, or inventory in Illinois. In addition, it does not maintain a mailing address or telephone listing in Illinois. Tarmac does not have continuous and systematic contacts with Illinois. *See Adell Corp. v. Elco Textron, Inc.*, 51 F.Supp.2d 752, 756 (N.D.Texas 1999) (sales of parts not involved in the infringement action that constitute a minimal amount of total sales was not continuous and systematic contact); *Stairmaster Sports/Medical Prod., Inc. v. Pacific Fitness Corp.*, 916 F.Supp. 1049, 1053 (W.D. Wash 1996) (sales of product not involved in infringement action that constituted minimal amount of defendant's total sales was not continuous and systematic contact). Tarmac is not subject to personal jurisdiction in this district.

Furthermore, venue in a patent case "includes any district where there would be personal jurisdiction over the corporate defendant at the time the action commenced." *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990). Because Tarmac is not subject

11

to personal jurisdiction in this district, venue is not proper.

Accordingly, Tarmac's Motion To Dismiss is granted.

For the reasons stated above, Williams' Motion to Dismiss and Motion to Transfer venue are denied. Tarmac's Motion to Dismiss is granted.

Dated: April 5, 2001

JOHN W. DARRAH
United States District Judge