# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 311 | **DATE** | 8/23/2001 |
| **CASE TITLE** | RECYCLING SCIENCES INTERNATIONAL vs. SOIL RESTORATION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant Williams' motion to reconsider is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 24 2001 | 129 |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | 01 AUG 23 PM 5:30 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RECYCLING SCIENCES INTERNATIONAL, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOIL RESTORATION AND RECYCLING, L.L.C., ) <br> et al., ) <br> ) <br> Defendants. ) | No. 00 C 0311 <br><br> Judge John W. Darrah <br><br> **DOCKETED** <br> AUG 2 4 2001 |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Recycling Sciences International, commenced an action against several defendants, alleging patent infringement. On April 5, 2001, this Court denied defendant Williams Environmental Services, Inc.'s (Williams) Motion to Dismiss for Lack of Jurisdiction and/or Motion to Transfer Venue. *Recycling Sciences Int'l, Inc. v. Soil Restoration & Recycling L.L.C.*, 2001 WL 345646 (N.D.Ill. Apr. 9, 2001). Before this Court is Williams' Motion To Reconsider the Order Denying Williams' Motion to Dismiss for Lack of Personal Jurisdiction.

A court may reconsider an interlocutory order under Federal Rule of Civil Procedure 54(b). *United States v. Olsen*, 2001 WL 817854 (N.D.Ill. July 19, 2001); Fed. R. Civ. P. 54(d). Motions for reconsideration serve a limited function and are only granted where "the court has patently misunderstood a party or has made a decision outside the adversarial issues presented to the Court by the parties or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

In its April 5, 2001 order, this Court found that it had personal jurisdiction over defendant

Williams. The Court found, in pertinent part, specific jurisdiction existed pursuant to the test outlined in *Hollyanne v. TFT, Inc.*, 199 F.3d 1304, 1307-08 (Fed. Cir. 1999). The Court found that plaintiff's suit arose out of or directly related to Williams' activities in Illinois because "Williams offered to sell its services that are alleged to infringe on plaintiff's patent."

Defendant argues the Court incorrectly found that plaintiff's cause of action arose out of or directly related to Williams' activities in Illinois. Defendant argues that the Court was incorrect in its findings because an offer to use a method patent is not an "offer to sell" under 35 U.S.C. § 371(a). Williams concedes that there is no case law on point. Williams argues that the courts have rejected efforts to apply the "sells" language to method patents, instead, requiring that infringement actions under § 271(a) be limited to persons who "perform" the process in question. Therefore, Williams argues, the Court should not use the "offer to sell" language to suggest that an "offer to use" is equivalent to an actionable "offer to sell".

Courts have previously found that "a method or process claim is directly infringed only when the process is performed." *See Joy Tech., Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993) (*Joy*). In addition, "the sale of equipment to perform a process is not a sale of the process within the meaning of § 271(a)." *Joy*, 6 F.3d at 773. Based on these findings, Williams concludes that the courts have rejected efforts to apply the "sells" language to method patents. Therefore, an "offer to sell" must also be rejected as applied to method patents. Williams' argument is not persuasive.

The holding in *Joy* does not support Williams' conclusion that the courts have rejected a "sells" language that requires any other part of law that includes the word "sells" or "sales" to be inapplicable to method patents. Instead, the *Joy* holding demonstrates that the court was interpreting the "sale" of a method or process to have taken place when the method or process had been

2

performed. Such an interpretation is consistent with the Court's previous rulings that patent infringement liability only arose as a result of an <u>actual</u> sale. *See, e.g., Telectronics Pacing Sys., Inc. v. Ventritex, Inc.*, 982 F.2d 1520, 1523 (Fed. Cir. 1992) (emphasis added). In other words, an actual sale of a method or process is the performance of that method or process.

Subsequent to these cases, § 271 has been amended and liability has been expanded to include an "offer of sale". The phrase "offer to sell" was added to § 271, effective January 1, 1996, to conform United States law to the April 1994 Uruguay Round's Trade-Related Aspects of Intellectual Property (TRIPS) agreement. *See* Uruguay Round Agreements Act, Pub.L. No. 103-465, § 533(a)(1), 108 Stat. 4809, 4988 (1994). In addition, a definition of "offer to sell" was added. *See* 35 U.S.C. § 371(i) (defining an "offer for sale" or an "offer to sell" as "that in which the sale will occur before the expiration of the term of the patent.").

The changes to the law represented a distinct change for the basis of patent law because, prior to these changes, liability only arose as a result of an actual sale. *See 3D Systems, Inc. v. Aarotech Lab., Inc.*, 160 F.3d 1373, 1378 (Fed. Cir. 1998) (*3D Systems*). With this new language, liability could arise simply from offering the sale of a patented product. For example, price quotation letters were found to be "offers to sell" a product sufficient to meet the requirement that a defendant's actions arose out of or directly related to allegations of patent infringement. *See 3D Systems*, 160 F.3d at 1378-79.

The changes in § 271 "were sought to strengthen the protections afforded under § 271." *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1252 (Fed. Cir. 2000) (*Rotec*). One of the purposes of adding the "offer to sell" terminology was to prevent a party from "generating interest in a potential infringing product to the commercial detriment of the rightful patentee." *3D Systems*,

3

160 F.3d at 1379; *see also Rotec*, 215 F.3d at 1259 (Newman, J., concurring) ("The purpose of [adding "offer to sell"] was to permit a patentee to act against threatened infringing sale by establishing a cause of action before the actual sale occurred.").

In the instant case, plaintiff alleges that Williams offered its soil remediation services in Illinois and that Williams, in addition to other defendants, infringed on plaintiff's patents by carrying out soil remediation processes and by making, using, offering for sale, and selling remediation equipment which employs one or more of plaintiff's patents. In other words, the complaint alleges Williams "offered to sell" its services – offered to perform its services – in Illinois. Accordingly, the alleged actions of Williams arise out of or directly relate to Williams' activities in Illinois, and specific jurisdiction over Williams exists. *See Hollyanne*, at 1308 (plaintiff must allege that defendant did one of the activities found in § 271(a)).

For the reasons stated above, Williams' Motion to Reconsider is denied.

Dated: August 23, 2001

JOHN W. DARRAH
United States District Judge

4