# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 311 | **DATE** | 10/24/2001 |
| **CASE TITLE** | RECYCLING SCIENCES vs. SOIL RESTORATION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Defendant O'Brien's motion to dismiss is granted, and O'Brien's motion to transfer venue is denied. Defendant SRR's motion to dismiss is granted, and SRR's motion to transfer venue is denied. Defendant Southwest's motion to dismiss is granted, and Southwest's motion to transfer venue is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | OCT 26 2001 date docketed | 147 |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | JR DOCKETING 01 OCT 25 PM 5: 44 | | |
| | LG | courtroom deputy's initials | | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RECYCLING SCIENCES INTERNATIONAL, INC., )
)
      Plaintiff, )
)
v. ) No. 00 C 0311
)
SOIL RESTORATION AND RECYCLING L.L.C., ) Judge John W. Darrah
et al. , )
)
      Defendants. )

**DOCKETED**

**OCT 26 2001**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Recycling Sciences International, a Delaware corporation, having its sole place of business in Chicago, Illinois, commenced an action against several defendants, alleging patent infringement. Before this Court are several defendants' Motions to Dismiss and/or Motions to Transfer Venue.

I. DEFENDANT O'BRIEN & GERE TECHNICAL SERVICES, INC.

Defendant, O'Brien & Gere Technical Services, Inc. (O'Brien), seeks dismissal for lack of personal jurisdiction and lack of proper venue. In the alternative, O'Brien seeks a transfer of the cause to the Northern District of New York. In its complaint, plaintiff avers personal jurisdiction based on O'Brien's advertisements in a national trade magazine circulated in Illinois, offering its soil remediation services and advertisement in a local business buyer's guide that provides a toll-free telephone number. In its response, plaintiff further asserts that O'Brien's contacts with the state of Illinois supports the exercise of general personal jurisdiction over O'Brien.

1

O'Brien is a corporation organized under the laws of New York with its principal place of business in East Syracuse, New York. O'Brien provides construction management and general contracting services, including hazardous waste site remediation services. O'Brien has no employees who reside or have offices located within Illinois. O'Brien has not participated in any trade show in the Northern District of Illinois for at least the past six years. O'Brien does not maintain any offices, bank accounts, sales representatives, or other employees in Illinois and does not lease or own any real property in Illinois. O'Brien does not have a mailing address or telephone listing in Illinois nor has it maintained a stock or inventory of products in Illinois.

O'Brien did maintain a nationwide toll-free telephone number primarily used by O'Brien field employees to contact the Syracuse office. O'Brien terminated the use of the toll-free number in December 1999 before the commencement of the present action. O'Brien is unaware of any telephone listing in either the State of Illinois or any local business directory.

O'Brien has made no effort to target markets or customers in Illinois for O'Brien's soil remediation services, and none of its sales to customers in Illinois have been related to O'Brien's soil remediation services. Over the past several years, ContamAway, a division of O'Brien, has sold soda-blasting material to one customer in Illinois. An O'Brien representative calls on this customer once or twice a year. The sales and shipments of the soda-blasting material are produced or supplied from the O'Brien's current stocks located in Cortland, New York, and shipped to Illinois by an independent freight carrier. Plaintiff's response asserts that O'Brien has done work for ten companies in Illinois. However, none of the work done for these ten companies involved thermal desorption for remediating contaminated soil, as will be discussed later. O'Brien's sales and shipments of products to Illinois customers are 1% of its total sales between 1994 and 1999.

2

O'Brien has filed with Illinois state or local governmental agency its filing and payment of income tax on sales made in Illinois. On each of the last five Illinois state tax returns, O'Brien has allocated 0% of its property and payroll to Illinois and less than 0.8% of its total sales.

Plaintiff further alleges in its response that newsletters sent to Illinois residents establish personal jurisdiction. These newsletters were prepared and distributed by O'Brien and Gere Companies, which is the parent company of O'Brien. O'Brien's parent company is not a defendant in this action.

Plaintiff alleges patent infringement; therefore, Federal Circuit law is controlling with deference given to the state's highest court to determine whether a defendant is amenable to process in the forum state. *LSI Indus. Inc. v. Hubbell Lighting*, 232 F.3d 1369, 1371 (2000 Fed. Cir.) (*LSI Indus.*). The determination of whether a court may properly exercise personal jurisdiction over an out-of-state defendant is governed by a two-prong analysis: (1) a defendant must be amenable to process in the forum state, and (2) the court's exercise of personal jurisdiction over the defendant must comply with federal due process requirements. *LSI Indus.*, 232 F.3d at 1371.

Plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction. When the court rules on a motion to dismiss based on lack of personal jurisdiction without an evidentiary hearing, the court must consider the pleadings and affidavits in a light most favorable to the plaintiff. *See Michael J. Neuman & Assoc. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724 (7th Cir. 1994); *In re Cardizem*, 105 F.Supp.2d 618, 671 (E.D. Mich. 2000). Plaintiff has filed no affidavits. Defendant filed the affidavit of James A. Fox, President of O'Brien.

A. Amenability to Service

A defendant is amenable to service of process if it "could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district is located." Fed. R. Civ. P. 4(k)(1)(A). The instant case is brought in the Northern District Federal Court; therefore, defendants' amenability to service is governed by the Illinois long-arm statute, 735 ILCS 5/2-209(a).

The Illinois long-arm statute provides that a defendant is subject to the jurisdiction of its courts if the defendant conducted the transaction of any business within this state. 735 ILCS 5/2-209(a)(1). Where jurisdiction is predicated upon subsection (a), only causes of action arising from the enumerated acts may be asserted against a nonresident defendant. 735 ILCS 5/2-209(f). Here, plaintiff alleges infringement of patents related to soil remediation. O'Brien has not sold any products or performed any services related to soil remediation in Illinois for at least the last six years. As mentioned earlier, the ten companies with which O'Brien has done business did not involve soil remediation. Therefore, plaintiff's claim of patent infringement does not arise out of O'Brien's limited contacts with Illinois under 735 ILCS 5/2-209(a)(1).

Section (b)(4) of the Illinois long-arm statute provides that a court may exercise jurisdiction if the defendant is a "corporation doing business" within the state. 735 ILCS 5/2-209(b)(4). A corporation is "doing business" in Illinois if it operates within the state with a fair measure of permanence and continuity, not just occasionally or casually. *Rokeby-Johnson v. Derek Bryant Ins. Brokers*, 594 N.E.2d 1190, 1194 (1992). The court looks to the character and extent of the defendant's conduct as to warrant the inference that the corporation has subjected itself to the jurisdiction and laws of Illinois. *Cook Ass'n, Inc. v. Lexington United Corp.*, 429

N.E.2d 847, 850 (1981). The determination is made on a case-by-case basis based on the unique situation presented. *Hulsey v. Scheidt*, 630 N.E.2d 905, 908 (1994).

In the instant case, a division of O'Brien has made sales of soda-blasting material to one customer in Illinois, and an O'Brien representative calls on this customer once or twice a year. The material is produced or supplied from the O'Brien's current stocks located in Cortland, New York, and shipped to Illinois by an independent freight carrier. O'Brien has done work for only those ten companies in Illinois since 1994. O'Brien's sales and shipments of products to Illinois customers are 1% of its total sales between 1994 and 1999. This conduct has been continual for at least a year and demonstrates that O'Brien was "doing business" in Illinois.

B. Due Process

The limits of due process on the extraterritorial reach of a state are determined by assessing whether the defendant had established "minimum contacts" with the forum state "such that [it] should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). If minimum contacts with the forum state are established, those contacts are considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with "fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945).

1. Minimum Contacts

A defendant may be subject to either specific or general jurisdiction under the "minimum contacts" test. *LSI Indus.*, 232 F.3d at 1375. Specific jurisdiction exists if: (1) the defendant purposefully directed its activities at residents of the forum state; (2) the claim arises out of or is related to those activities; and (3) the assertion of personal jurisdiction is reasonable and fair. *Hollyanne v. TFT, Inc.*, 199 F.3d 1304, 1307-08 (Fed. Cir. 1999) (*Hollyanne*). In its response,

5

plaintiff abandons any claim of specific personal jurisdiction. However, plaintiff claims that this court has general personal jurisdiction over O'Brien.

General jurisdiction arises when a defendant maintains "continuous and systematic" contacts with the forum state even when the cause of action has no relation to those contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). However, "contacts only add to the quantum for personal jurisdiction when purposefully directed at the forum or its residents." *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.* 148 F.3d 1355, 1359 (Fed. Cir.1998). Contacts that are random, fortuitous, or attenuated do not count in the minimum contacts calculation. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985).

Here, the only contacts O'Brien has with Illinois is advertising in a national publication that is available in Illinois and selling a minimal amount of products to ten companies in Illinois which are unrelated to the cause of action. O'Brien has no offices, employees, agents or representatives in Illinois. It has no assets, bank accounts, real or personal property, or inventory in Illinois. In addition, it does not maintain a mailing address or telephone listing in Illinois. O'Brien's sale of products that are unrelated to the infringement action constitutes less than 2% of its total revenue between 1994 and 1999 and less than 0.8% of its allocated sales over the last five tax returns. O'Brien does not have continuous and systematic contacts with Illinois. *See Adell Corp. v. Elco Textron, Inc.*, 51 F.Supp.2d 752, 756 (N.D.Texas 1999) (sales of parts not involved in the infringement action that constitute less than 1% of defendant's total sales was not continuous and systematic contact); *Stairmaster Sports/Medical Prod., Inc. v. Pacific Fitness Corp.*, 916 F.Supp. 1049, 1053 (W.D. Wash 1996) (sales of product not involved in infringement action that constituted approximately 3% of defendant's total sales was not continuous and systematic contact).

Plaintiff also asserts that newsletters sent to Illinois residents establish jurisdiction. However, these newsletters were prepared by O'Brien's parent company, which is not a defendant in this suit and whose contacts with Illinois are immaterial. *See LaSalle Nat'l Bank v. Vitro Sociedad Anonima,* 85 F.Supp.2d 857, 865 (N.D.Ill.2000) (personal jurisdiction is based on "actual evidence of control ... rather than on a corporation's general descriptions.")

For the foregoing reasons, plaintiff has not established the minimum contacts necessary to support either general or specific jurisdiction over O'Brien in Illinois. Accordingly, O'Brien's Motion to Dismiss is granted.

Furthermore, venue in a patent case "includes any district where there would be personal jurisdiction over the corporate defendant at the time the action commenced." *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990). Because O'Brien is not subject to personal jurisdiction in this district, venue here is not proper.

In the alternative, O'Brien moves to transfer the action to the United States District Court for the Northern District of New York as the most convenient forum. As a result of the above holdings, the Court cannot properly transfer the case to another district. *Hollyanne*, 199 F.3d at 1307 (once a court dismisses a cause of action for lack of personal jurisdiction, the district court cannot properly transfer the case). O'Brien's Motion to Transfer Venue is denied.

II. DEFENDANT SOIL RESTORATION AND RECYCLING, L.L.C.

Defendant, Soil Restoration and Recycling, L.L.C. (SRR), seeks dismissal for lack of personal jurisdiction. In the alternative, SRR seeks a transfer of the cause to the Eastern District of Tennessee. In its complaint, plaintiff avers personal jurisdiction based on SRR's ownership of Southwest Soil Remediation Inc. (Southwest) and Four Seasons Environmental Inc. (Four Seasons). Plaintiff avers that Southwest is a subsidiary of SRR and has advertised in a national

7

trade magazine in Illinois. Plaintiff avers that Four Seasons is a subsidiary of SRR and operates an Astec Thermal Desorption Plant in Illinois. In its response, plaintiff further asserts that it has offered to sell the patented inventions in Illinois and has performed thermal desorption soil remediation work at four sites in Illinois.

SRR is a limited liability company with its place of business in Ooltewah, Tennessee. SRR is not licensed to do business in Illinois, maintains no offices in Illinois, and has no agent for service of process located in Illinois. SRR does not transact business within Illinois; and no equipment that SRR has title or ownership in has been used, maintained, leased, or otherwise placed within Illinois for soil remediation purposes. Furthermore, SRR does not market thermal desorption soil treatment in Illinois. Glen Palmer, the Director of Business Development for SRR, avers, through an affidavit, that SRR does not and has never had an ownership interest in any of the named defendants of the lawsuit, including Southwest and Four Seasons. Plaintiff does not contest the affidavit.

Plaintiff asserts that SRR has performed thermal desorption soil remediation at four different sites in Illinois. The first was the Old Flowers Bakery site. SRR was hired to perform thermal desorption soil remediation at the Old Flowers Bakery site located in Tennessee by Environmental Protection Industries, which was, by chance, an Illinois corporation. Therefore, the only connection that SRR had with Illinois for this job was an address to send the bill for its services. Plaintiff next claims that SRR remediated soil at the Savanna Army Depot and at O'Hare Airport. However, the exhibit that plaintiff cites to show this only states that SRR has acquired personnel, procedures and equipment that have successfully delivered thermal remediation projects, including projects at the Savanna Army Depot and O'Hare Airport. Lastly, plaintiff claims that SRR remediated soil in Champaign, Illinois. The exhibit that plaintiff cites

8

to show this, however, is actually part of a resume of an employee of SRR that lists that employee's past qualifications. The Champaign Illinois project was one of this employee's past qualifications in that he headed a soil remediation project in Champaign Illinois while working for a different company.

SRR is not amenable to service of process under the Illinois long-arm statute. SRR has not sold any products or performed any services related to soil remediation in Illinois. *See* 735 ILCS 5/2-209(a)(1), (f). Furthermore, SRR has not "done business" in Illinois. *See* 735 ILCS 5/2.

Furthermore, SRR has not had minimum contacts with Illinois. SRR has not purposefully directed activities at residents of Illinois; and, because it has not directed activities at Illinois residents, plaintiff's claim cannot arise out of or be in relation to such absent activities. *See Hollyanne*, 199 F.3d at 1307-08. Lastly, SRR has not maintained "continuous and systematic" contacts with Illinois. Accordingly, SRR's Motion to Dismiss for Lack of Personal Jurisdiction is granted. Because SRR is not subject to personal jurisdiction in this district, venue is not proper. For the reasons discussed above, SRR's Motion for Transfer of Venue is denied for the reason set forth in O'Brien. *See Hollyanne*, 199 F.3d at 1307.

III. DEFENDANT SOUTHWEST SOIL REMEDIATION, INC.

Defendant, Southwest Soil Remediation, Inc. (Southwest), seeks dismissal for lack of personal jurisdiction. In the alternative, SRR seeks a transfer of the cause of action. Southwest is an Arizona corporation with its place of business in Tucson, Arizona. Southwest is not licensed to do business in Illinois, maintains no office in Illinois, has no registered agent for service of process in Illinois, and does not transact business within Illinois. No equipment owned by Southwest has been used, maintained, leased, or otherwise placed in Illinois for soil

9

remediation purposes. Southwest advertises in national trade journals. The advertising has not resulted in any work between Southwest and any resident, citizen, or entity in Illinois.

Plaintiff has also failed to establish personal jurisdiction over Southwest. Southwest is not amenable to service of process under the Illinois long-arm statute. Southwest has not sold any products or performed any services related to soil remediation in Illinois. *See* 735 ILCS 5/2-209(a)(1), (f). In addition, Southwest's advertisement in a national publication does not constitute "doing business" in Illinois. *See* 735 ILCS 5/2; *Stein v. Rio Parismina Lodge*, 695 N.E.2d 518, 523 (1998) (participation in trade show in Illinois does not constitute doing business); *Pilipauskas v. Yakel*, 629 N.E.2d 722, 741-42 (1994) (advertising through Michigan agency that targeted, in part, Illinois residents does constitute doing business); *Radosta v. Devil's Head Ski Lodge*, 526 N.E.2d 561, 563 (1988) (out-of-state ski lodge not doing business in Illinois although it maintained an Illinois telephone number, advertised in Illinois, made coupons available in Illinois, and participated in travel exposition).

Furthermore, Southwest has not had minimum contacts with Illinois. Southwest has not purposefully directed activities at residents of Illinois; and, because it has not directed activities at Illinois residents, plaintiff's claim cannot arise out of or be in relation to such absent activities. *See Hollyanne*, 199 F.3d at 1307-08. Lastly, Southwest has not maintained "continuous and systematic" contacts with Illinois. Accordingly, Southwest's Motion to Dismiss for Lack of Personal Jurisdiction is granted. Because SRR is not subject to personal jurisdiction in this district, venue is not proper. For the reasons discussed above, Southwest's Motion for Transfer of Venue is denied for the reasons set forth in O'Brien. *See Hollyanne*, 199 F.3d at 1307.

For the reasons stated above, defendant O'Brien's Motion to Dismiss is granted, and O'Brien's Motion to Transfer Venue is denied. Defendant SRR's Motion to Dismiss is granted,

and SRR's Motion to Transfer Venue is denied. Defendant Southwest's Motion to Dismiss is granted, and Southwest's Motion to Transfer Venue is denied.

Dated: October 24, 2001

_____
JOHN W. DARRAH
United States District Judge